# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

SANTOS MARTIN MEJIA-ORDONEZ,

    Petitioner,

v.

FNU LNU, Warden, Otero County Processing Center; UNITED STATES IMMIGRATION AND CUSTOMS ENFORCEMENT; COREY A. PRICE, in his official capacity as Acting Director, United States Immigration and Customs Enforcement; KRISTI NOEM, in her official capacity as Secretary of Homeland Security; and PAMELA BONDI, in her official capacity as United States Attorney General,

    Respondents.

Case No. 2:25-cv-01221-MIS-KRS

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

**THIS MATTER** is before the Court on Petitioner Santos Martin Mejia-Ordonez's Petition for Writ of Habeas Corpus ("Petition"), ECF No. 1, filed December 8, 2025. The Court issued the applicable Order to Show Cause, ECF No. 3, on December 9, 2025. The Court issued an order referring this case to Magistrate Judge Kevin R. Sweazea, ECF No. 4, on December 9, 2025. The referral order is hereby VACATED.

Respondents Corey A. Price, Pamela Bondi, and Kristi Noem ("Federal Respondents") filed a Response to the Petition, ECF No. 13, on February 11, 2026, as well as a Motion to Dismiss the petition ("Motion"), ECF No. 10, on December 23, 2025. Counsel for Respondent Dora Castro (incorrectly identified in the case caption as FNU LNU, Warden Otero County Processing Center),

filed a Notice of Compliance with Order, ECF No. 8, on December 18, 2025, informing the Court that Respondent Castro took "no positions separate from the USA Respondents…" Id. at 1.

Counsel for the federal Respondents acknowledges the facts of this case are "substantially similar" to Duhan v. Noem, No. 2:26-CV-00019-MIS-JFR, 2026 WL 74195 (D.N.M. Jan. 9, 2026), and concede that "the Court's decision in Duhan v. Noem, would control the result here if the Court adheres to that decision, as the facts are not materially distinguishable.…" Resp. at 2-3, ECF No. 13. Counsel did not distinguish this case from other cases involving the detention of noncitizens already present in the United States—as opposed to noncitizens detained at a border crossing or port of entry—but argued that Petitioner is an applicant for admission seeking admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). Id. at 1-2.

Ultimately, the Court finds that the facts of this case are materially indistinguishable from prior cases the Undersigned Judge has decided involving habeas petitioners who were detained within the United States, rather than at a border crossing or port of entry, and adopts the findings contained in its Order Granting the Petition for Writ of Habeas Corpus in Lopez-Romero v. Lyons, Case No. 2:25-cv-0113-MIS-JHR, 2026 WL 92873 (D.N.M. Jan. 13, 2026). Briefly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's detention, his continued detention without a bond hearing violates his Fifth Amendment right to due process, and, as such, he is entitled to habeas relief. The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally Resp., ECF No. 13. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or

flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order and to entertain any motions for attorneys' fees.

Accordingly, it is **HEREBY ORDERED** that:

1. The Order of Reference is **VACATED**;

2. Petitioner Santos Martin Mejia-Ordonez's Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;

3. Respondents are **ORDERED** to immediately release Petitioner from detention;

4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk; and

5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order and to entertain any motions for attorneys' fees.

6. Respondents Motion to Dismiss is **DENIED** as Moot.

*[signature: Margaret Strickland]*
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE